**United States District Court**
For the Northern District of California

1

2

3

4

5                           UNITED STATES DISTRICT COURT

6                           NORTHERN DISTRICT OF CALIFORNIA

7

8    ROSA MARTINEZ, *et al.*,                    No. C-08-4735 CW (EMC)

9              Plaintiffs,

10        v.                                     **NOTICE OF SETTLEMENT
                                                 CONFERENCE AND SETTLEMENT
11   MICHAEL J. ASTRUE, Commissioner of          CONFERENCE ORDER**
     Social Security, in his official capacity,
12
               Defendant.
13   _____/

14

15        TO ALL PARTIES AND COUNSEL OF RECORD:

16        The above matter was referred to Magistrate Judge Edward M. Chen for settlement purposes.

17        You are hereby notified that a settlement conference is scheduled for **March 6, 2009, at 1:30**

18   **p.m.**, Courtroom C, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco,

19   California  94102.  Any questions regarding scheduling of the settlement conference should be

20   directed to Judge Chen's secretary, Leni Doyle, at (415) 522-4050.

21        ♦        **Settlement Conference statements shall be lodged by hard copy only with Judge**

22                 **Chen's Chambers by March 2, 2009.  Statements shall not be electronically filed.**

23        It is the responsibility of counsel to ensure that whatever discovery is needed for all sides to

24   evaluate the case for settlement purposes is completed by the date of the settlement conference.

25   Counsel shall cooperate in providing discovery informally and expeditiously.

26        **Lead trial counsel** shall appear at the settlement conference **with the parties**.  Any party

27   who is not a natural person shall be represented by the person or persons not directly involved in the

28   events which gave rise to the litigation but with **full authority** to negotiate a settlement.  A person

**United States District Court**
For the Northern District of California

1  who needs to call another person not present before agreeing to any settlement does not have **full**

2  **authority**.  **Full authority means authority to accept the last demand or counter-offer by the**

3  **other party, not what the party thinks the case is worth.**  If a party is a governmental entity, its

4  governing body shall designate one of its members or a senior executive to appear at the settlement

5  conference with authority to participate in the settlement conference and, if a tentative settlement

6  agreement is reached, to recommend the agreement to the governmental entity for its approval.  **An**

7  **insured party shall appear with a representative of the carrier with full authority to negotiate**

8  **up to the limits of coverage.**  The Court shall be notified immediately if the carrier declines to

9  attend.  **Personal attendance of a party representative** will rarely be excused by the Court, and

10  then only upon separate written application demonstrating substantial hardship served on opposing

11  counsel and lodged as early as the basis for the hardship is known but no later than the settlement

12  conference statement.

13          No later than seven (7) days before the settlement conference, the parties shall meet and

14  confer to discuss who will attend and ensure compliance with this Order regarding full authority.  If

15  there is a dispute regarding attendance, the parties shall fax a letter to the Court at facsimile number

16  (415) 522-4200, briefly describing the dispute.

17          Each party shall prepare a settlement conference statement, which must be lodged (not faxed)

18  with the Magistrate Judge's chambers and served upon opposing counsel by March 2, 2009.  The

19  settlement conference statement shall be submitted on 3-hole punched paper.  The settlement

20  conference statement should **not** be filed with the Clerk of the Court.  In order to encourage candid

21  discussion of the case with the Court, any party may submit a confidential supplemental settlement

22  letter to the Court not to exceed three (3) pages.  The contents of this supplemental confidential

23  settlement letter will not be disclosed to the other parties.

24          The settlement conference statement shall not exceed ten (10) pages of text and twenty (20)

25  pages of exhibits and shall include the following:

26          1.      A brief statement of the facts of the case.

27          2.      A brief statement of the claims and defenses including, but not limited to, statutory or

28  other grounds upon which the claims are founded, and a **candid** evaluation of the parties' likelihood

United States District Court

For the Northern District of California

1   of prevailing on the claims and defenses.  The more candid the parties are, the more productive the

2   conference will be.  As noted above, a supplemental confidential settlement letter containing such a

3   candid evaluation may be submitted.

4         3.    A list of the key facts in dispute and a brief statement of the **specific** evidence

5   relevant to a determination of those facts.

6         4.    A summary of the proceedings to date and any pending motions.

7         5.    An estimate of the out of pocket expenses, attorney's fees and time to be expended

8   for further discovery, pretrial and trial.

9         6.    The relief sought, including an itemization of damages.  If plaintiff seeks attorney's

10  fees and costs, plaintiff's counsel shall be prepared at the conference to provide sufficient

11  information to enable the fee claim to be evaluated for purposes of settlement.

12        7.    The party's position on settlement, including present demands and offers and a

13  history of past settlement discussions.

14        8.    Who will be attending with full authority.

15        Settlement conference statements **may** be submitted on CD-ROM with hypertext links to

16  exhibits.  Otherwise, the portion of exhibits on which the party relies shall be highlighted.

17        It is not unusual for the conference to last three (3) or more hours.  Parties should be

18  prepared to devote the entire day to the conference if necessary.  Parties are encouraged to

19  participate and frankly discuss their case.  Statements they make during the conference will not be

20  admissible at trial in the event the case does not settle.  The parties should be prepared to discuss

21  such issues as:

22        1.    Their settlement objectives.

23        2.    Any impediments to settlement they perceive.

24        3.    Whether they have enough information to discuss settlement.  If not, what additional

25  information is needed.

26        4.    The possibility of a creative resolution of the dispute.

27        Because the settlement conference will likely involve some assessment of claims, defenses

28  and relief in the case, the parties should have available at the conference documents, exhibits, and

1  other items essential to that assessment not already attached as exhibits to the settlement conference

2  statement.

3      Any request to continue the settlement conference shall state the reason therefor and be

4  submitted in writing as soon as possible after consultation with the opposing party but well in

5  advance of the scheduled conference date.  Submission of such request shall be filed with the Court;

6  a courtesy copy is acceptable at facsimile number (415) 522-4200.

7      The parties shall notify chambers immediately at (415) 522-4050 if this case settles prior to

8  the date set for settlement conference.  Counsel shall provide a copy of this order to each party who

9  will participate in the conference.

10

11      IT IS SO ORDERED.

12

13  Dated: February 24, 2009

14  _____

15  EDWARD M. CHEN
    United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4