IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSA MARTINEZ and JIMMY HOWARD,
on behalf of themselves and all
others similarly situated,

       Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner
of Social Security, in his
official capacity,

       Defendants.

_____/

No. C 08-4735 CW

ORDER DENYING
MOTION TO
INTERVENE

    Sylvia Curtis has submitted multiple documents to the Court, purportedly as the representative of a putative class member, Martin Robbins.  Most recently, Ms. Curtis has submitted a motion to intervene and a motion for contempt, seeking contempt against various Members of Congress, the Social Security Administration, unidentified doctors and dentists, and class counsel.  Docket No. 239.  Ms. Curtis asserts that Mr. Robbins has been denied benefits in violation of the settlement agreement in this case and alleges perjury, fraud and discrimination.  Having considered Ms. Curtis's filing, the Court DENIES the motion to intervene and the motion for contempt.

LEGAL STANDARD

    To intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2), "an applicant must claim an interest the protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without" the applicant.  Forest

Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1493 (9th Cir. 1995). The Ninth Circuit applies a four-part test to motions under Rule 24(a). An applicant seeking intervention as of right must show that: (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest. Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998) (citing Cabazon Band of Mission Indians v. Wilson, 124 F.3d 1050, 1061 (9th Cir. 1997)).

On a timely motion, the court may also at its discretion permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). In exercising its discretion, a court is to "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id.

DISCUSSION

Either provision of Rule 24 requires a timely motion to intervene. Judgment in this case was entered on September 9, 2009. Docket No. 185. "[P]ostjudgment intervention is generally disfavored." Calvert v. Huckins, 109 F.3d 636, 638 (9th Cir. 1997) (internal citations and quotations omitted). The Court finds that Ms. Curtis has not presented any reason that the Court should allow intervention over five years after judgment entered. If "the motion to intervene [is] not timely, [the court] need not reach any of the remaining elements of Rule 24." League of Latin

2

Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997). Moreover, Ms. Curtis is not an attorney. Pro se litigants are not permitted to represent others in federal court. Therefore Ms. Curtis may not bring claims on behalf of Mr. Robbins. Accordingly, the Court DENIES the motion to intervene and the motion for contempt. Docket No. 239. Ms. Curtis is further advised that she is not permitted to submit any pleadings on Mr. Robbins' behalf.

IT IS SO ORDERED.

Dated:   October 22, 2014

_____
CLAUDIA WILKEN
United States District Judge